UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHARLES WESLEY COLLINS, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 15-063-DCR |
| V. | ) ) | |
| SANDRA BUTLER, Warden, FCI Manchester, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Charles Wesley Collins is confined at the Federal Correctional Institution located in Manchester, Kentucky. Proceeding without an attorney, Collins has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") calculation of his presentence credits under 18 U.S.C. § 3585(b). [Record No. 1]

The Court conducts an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Collins' Petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts Collins' factual allegations as true and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). For the reasons outlined below, the Court will deny the relief sought.

**I.**

On April 8, 2008, Collins pled guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [*See United States v. Collins*, No. 5:07-CR-155-DCR (E.D. Ky. 2007); Record No. 67] Thereafter, on June 28, 2008, he was sentenced to a term of imprisonment of twelve months and one day, to be followed by a three-year term of supervised release.[1] While on supervised release, on January 26, 2011, Collins filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. [*Id.*; Record No. 107] The Court denied the motion on April 20, 2012, and the United States Court of Appeals for the Sixth Circuit subsequently denied Collins a Certificate of Appealability. [*Id.*; Record Nos. 135, 180]

Shortly after Collins filed his § 2255 motion, the United States Probation Office ("USPO") filed a petition to revoke his supervised release. [*Id.*; Record No. 117] In support, USPO indicated that, on March 23, 2011, police in Clark County, Kentucky, were attempting to execute a child support warrant upon Collins at his home when they found him in possession of a loaded shotgun. Collins was then arrested and charged in Clark County with being a convicted felon in possession of a firearm.

While the Clark County charges remained pending, USPO filed a second revocation petition on October 29, 2012, based upon allegations by Collins' former girlfriend that he had assaulted her and involuntarily detained her for four days from October 21 through October 24, 2012. [*Id.*; Record No. 143] Collins was subsequently charged with second degree

---

1  On January 4, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the district court's denial of Collins' motion to suppress evidence of a firearm recovered during a search of his residence. [*United States v. Collins*, No. 5:07-CR-155-DCR (E.D. Ky. 2007), Record No. 105]

unlawful imprisonment and fourth degree assault in Madison County District Court. Case No. 13-F-59. Collins was in custody in the Madison County Jail from January 22, 2013 through February 11, 2013, at which time he was released upon his placement in the county's home incarceration program. [Record No. 1, pp. 7–8] The parties were ordered to mediation, which resulted in the prosecutor's June 4, 2013 agreement to defer prosecution for two years if Collins completed the Batterers Intervention Program in Berea, Kentucky. Collins was released to his own recognizance on June 4, 2013. [Record No. 1-1, pp. 17–19]

On May 21, 2014, following Collins' 2014 conviction in Clark Circuit Court, Case No.11-CR-00056, this Court revoked Collins' supervised release and sentenced him to a term of imprisonment of eighteen months to be served consecutively to any current or future state prison term. [*United States v. Collins*, No. 5:07-CR-155-DCR (E.D. Ky. 2007); Record No. 201, p. 2] The Judgment stated that "[t]he defendant shall receive credit for prior federal custody time, but not for prior state custody time." [*Id.*] The Sixth Circuit affirmed Collins' sentence on December 3, 2014. [*Id.*; Record No. 222]

Collins filed this Petition on April 7, 2015, contending that the BOP has failed to credit 134 days he spent in the custody of Madison County (January 22, 2013, through June 4, 2013) against his federal sentence. [Record No. 1, pp. 1, 6–7] Collins asserts that this time was not credited against any other sentence, and, as a result, should have been credited against his federal sentence. [*Id.*, p. 8] Collins' current projected release date is September 4, 2015. *See* http://www.bop.gov/inmateloc/ (last visited August 19, 2015).

## II.

As an initial matter, Collins acknowledges that he has not exhausted his administrative remedies before filing this Petition, but asks that his failure to do so be excused. In support,

- 3 -

he asserts that this failure was the result of inordinate delays by the BOP in responding to his inquiries regarding calculation of his sentence and the lack of sufficient time to complete the inmate grievance process before his impending release. [Record No. 1, pp. 2–6] Collins has attached documents to his Petition which indicate that he began informally seeking the credit at issue in October 2014. However, the BOP's Designation and Sentence Computation Center ("DSCC") did not reject his request until March 20, 2015. [Record No. 1-1, pp. 4–6, 8–9, 11]

Collins filed a formal grievance with the Warden on March 26, 2015, twelve days before filing the Petition at issue. [Record No. 1-1, p. 12] The Warden responded to Collins' grievance on May 6, 2015, indicating that Collins would be given credit pursuant to 18 U.S.C. § 3585(b)(2) for the twenty-one days he spent confined in the Madison County Jail from January 22, 2013, through February 11, 2013, because this time had not been credited against any other sentence. However, the Warden noted that this credit was conditional because the Madison County charges had been deferred, not dismissed. If Collins were to be later prosecuted and convicted on those charges and given credit for this time period against his state sentence, it could not also be "double counted" against his federal sentence. [*Id*., p. 1]; *see* Program Statement ("PS") 5880.28 at p. 1-24B (July 20, 1999). Additionally, the Warden denied presentence credit for the time Collins spent in home confinement from February 12, 2013 through June 4, 2013, because minimal restrictions to liberty such as house arrest, electronic monitoring, home confinement, and frequent reporting to probation officers do not constitute "official detention" within the meaning of § 3585. [Record No. 6-1 at 1]; *see* PS 5880.28 at 1-14F–H (citing *Reno v. Koray*, 515 U.S. 50 (1995)). Collins subsequently filed the Warden's response and his appeal to the Mid-Atlantic Regional Office ("MARO") into the

record [Record No. 6-1], and indicated that the Madison County charges were dismissed on May 26, 2015. [Record No. 8-1, p. 2]

On June 12, 2015, MARO denied Collins' appeal on the same ground stated by the Warden. [Record No. 8-1] In his appeal to the BOP's Central Office, Collins reiterated his argument that, because Kentucky law credits time spent in home incarceration against a Kentucky sentence,[2] federal law must treat such time as "official detention" for purposes of § 3585(b)(2). [Record No. 8-1, pp. 2–3] On July 16, 2015, the Central Office rejected Collins' appeal because he did not include a copy of MARO's denial letter. [Record No. 11-1, p. 1] Collins responded that his original appeal to the Central Office was mailed before MARO had issued its decision because the regional office had exceeded the time permitted for it to issue its decision. Therefore, he argued that he was entitled to treat the appeal as denied. [*Id.*, p. 2]; *see* 28 C.F.R. § 542.18.

With respect to Collins' admitted failure to fully exhaust his administrative remedies prior to filing this Petition, this Court has previously noted that asserting an insufficient amount of time to complete the inmate grievance process before the underlying issue becomes moot may warrant excusing exhaustion of administrative remedies only where that circumstance was "entirely unavoidable" by the petitioner. *Foss v. Quintana*, No. 5:14-258-DCR, 2014 WL 5157305, at *3 (E.D. Ky. Oct. 14, 2014) (citing *Wilson v. Keffer*, No. 08–1961, 2009 WL 1230020, at *3 (W.D. La. May 5, 2009)). Here, the majority of the delay in obtaining a formal response from the BOP was caused by Collins' inexplicable decision to insist upon an informal

---

2   KY. REV. STAT. 532.245(1) provides that "[t]ime spent in pretrial home incarceration pursuant to KRS 431.517 shall be credited against the maximum term of imprisonment assessed to the defendant upon conviction."

response from the DSCC before beginning the formal inmate grievance process. But where, as here, it is easier to deny the petition on the merits, the Court need not decide whether Collins' failure to exhaust should be excused. *See Santiago-Lugo v. Warden*, 785 F. 3d 467, 475 (11th Cir. 2015) ("[A] court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.") (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987) ("[T]here are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion.") (quotation marks omitted)).

> Federal law requires that:
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In *Reno v. Koray*, the Supreme Court held that the BOP's interpretation of the term "official detention" is entitled to deference, and warranted the conclusion that a defendant's release to a community treatment center before his sentence commenced was not "official detention" entitling him to presentence credit under § 3585(b). 515 U.S. at 56–58. Following the Supreme Court's decision, federal courts have uniformly upheld the BOP's conclusion that time spent in home detention does not qualify as "official detention" warranting presentence credits under §3585(b) because it is a form of "release," not a form of "detention." *See United States v. Siebert*, 574 F. App'x 524, 525 (5th Cir. 2014); *Paul v.*

- 6 -

*Bragg*, 454 F. App'x 380, 381 (5th Cir. 2011); *Jones v. Killian*, No. 10 Civ. 5136(JCF), 2011 WL 1142919, at *1–2 (S.D.N.Y. Mar. 21, 2011); *Morgan v. Booker*, No. 05-CV-156-KSF, 2005 WL 1676896, at *3 (E.D. Ky. July 15, 2005). Thus, the BOP properly denied Collins presentence credit for time spent in home confinement.

Collins' argument that home confinement must qualify as "official detention" within the meaning of § 3585(b) as a matter of *federal* law because Kentucky treats home confinement as custodial for purposes of pretrial credit as a matter of *state* law is plainly incorrect. The interpretation of terms contained within federal statutes is a matter of federal law. *See Resolution Trust Corp. v. Diamond*, 45 F.3d 665, 671–72 (2d Cir. 1995) (collecting cases). In *Koray*, the Supreme Court looked to another federal statute, the Bail Reform Act of 1984, as a useful tool to interpret the meaning of terms in § 3585. 515 U.S. at 57 (citing *Gozlon–Peretz v. United States*, 498 U.S. 395, 407–08 (1991) ("It is not uncommon to refer to other, related legislative enactments when interpreting specialized statutory terms," since Congress is presumed to have "legislated with reference to" those terms)). Because the Supreme Court in *Koray* directed that the term "official detention" in the statute be interpreted in a manner consistent with federal law and the Bail Reform Act, 515 U.S. at 60–63, reliance upon Kentucky's treatment of home confinement for purposes of determining sentencing credits is not appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Charles Wesley Collins' Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 19th day of August, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge